IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20CR-00069 |
| | : | |
| Plaintiff, | : | JUDGE MATTHEW W. MCFARLAND |
| | : | |
| MARTREL PHILLIPS, | : | |
| | : | SUPPLEMENTAL MOTION |
| Defendant, | : | TO SUPPRESS STATEMENT |

Defendant, by and through the undersigned counsel, respectfully requests this Court to suppress any and all evidence, including statements, obtained as a result of the violation of Defendant's constitutional rights, and the procedural safeguards established in *Miranda*.

## MEMORANDUM

The Fifth Amendment provides that no person… shall be compelled in any criminal case to be a witness against himself. United States Constitution, Amendment IV. The United States Supreme Court has held that the right against self-incrimination "is fully applicable during a period of custodial interrogation". *Miranda v. Arizona*, 384 U.S. 436, 461, 86 S. Ct. 1602. In *Miranda*, the Court further determined that "the right to have counsel present at the interrogation is indispensible to the protection of the Fifth Amendment privilege". *Id*. at 469. Moreover, the Court held that, prior to custodial interrogation, a suspect must be informed of these rights, now commonly known as Miranda rights. *Id*. at 444; *Garner v. Mitchell* (6th Circuit 2007), 502 F.3d 394.

The Court in *Miranda* noted that the Defendant may waive the effectuation of these rights. However, the validity of the waiver depends on it being made not only "voluntarily" but also "knowingly and intelligently".

1

The government claims that Defendant, while in police custody, made certain statements to law enforcement officers. The government intends to introduce those statements into evidence at the trial of this matter. Once the admissibility of a statement is challenged, the burden rests with this prosecution to establish by a preponderance of evidence that the accused's statement was voluntarily made. *State v. Arrington* (1984), 14 Ohio App. 3d 111, 470 N.E. 2d 211. <u>See also</u> *Miranda v. Arizona* (1966), 384 U.S. 436.

In this case, any statements made by the Defendant were not voluntarily made and were taken in violation of his Fifth Amendment right against self-incrimination, and the statements were given without the benefit of legal counsel as guaranteed by Fifth and Sixth Amendments. Finally, the statements made by the Defendant were not so voluntarily or knowingly.

In light of the foregoing, Defendant respectfully requests this Court for an Order suppressing any statements made to law enforcement personnel.

Respectfully Submitted,

*/s/: Clyde Bennett II*_____
Clyde Bennett, II (Supreme Court No. 0059910)
119 E. Court Street
Cincinnati, OH 45202
Direct Phone: (513) 233-5555
Office Phone: (513) 632-9503
Fax: (513) 721-5824
Email: clyde@clydebennettthelaw.com
Website: www.clydebennettthelaw.com
Attorney for Defendant
Martrel Phillips

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the Assistant United States Attorney by electronically filing the foregoing with Clerk of Court by using the CM/ECF system which will send notification of such filing to the above.

*/s/: Clyde Bennett II*_____