# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-cr-69 |
| Plaintiff, | |
| v. | JUDGE MCFARLAND |
| MARTREL PHILLIPS, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

## MEMORANDUM

## I. INTRODUCTION

The Unites States comes before this Court in the above captioned case where the defendant has pleaded guilty to one count of possession of a machine gun, in violation of 18 U.S.C. 922(o). The defendant's Rule 11 (c)(1)(B) plea agreement outlines the government's intention to seek application of the U.S.S.G guideline provision under sections 2K2.1(b)(6) or 2K2.1(c)(1) and a sentence relevant thereto.

Because the defendant used the same gun—outfitted with the Auto Seer machine gun he possessed in the present case—in an attempt to commit a murder (in the Madisonville Rec Center parking lot during the afternoon of a business day) prior to his criminal possession here, Probation, in its Presentence Investigation Report (Doc. 42), qualified the defendant for a sentence under section 2K2.1(c)(1)(A) of the sentencing manual. The resulting guideline range for his illegal machine gun possession is fifty-seven (57) to seventy-one (71) months. Id. at 149. The government asks this Court to accept Probation's guideline range and, because 1) the defendant possessed a

machine gun that is designed to fire as many rounds of ammunition as the firearm can hold with a single depression of the trigger, 2) a machine gun is such a dangerous weapon it is illegal for anyone in the United States to have, 3) the defendant's weapon was stolen, 4) the defendant was on probation at the time of his federal offense for a State weapons case, and 5) the defendant used the same gun he possessed in this case to try to kill another person, that the Court sentence the defendant to the high end of that guideline range.

## II. SENTECING GUIDELINES

Probation has returned a presentence report in the present case, including a guideline calculation for the defendant of fifty-seven (57) to seventy-one (71) months. (Doc. 42, Page 149.) Neither the government nor the defense objected to the calculation. Id. 18 U.S.C 3553(a)(4) directs this Court to consider the guideline range determined by probation when coming to a sentencing determination for the defendant. The Court may depart or vary downward from this range if there is good reason to do so. Probation did not find a reason for the Court to depart downward from the above range. (Doc. 42, Page 146.) The defendant, again, did not object to this determination, or, writ large, Probation's final guideline determination.

The Court may also vary downward from a defendant's guideline sentence upon good cause. Probation has identified in its Presentence Report reasons related to the defendant's upbringing that may warrant doing so. (Doc. 42, Page 146.) The defendant has also made reference to some difficult circumstances in his sentencing memo that he has faced in his life. (Doc. 43.) The United States asserts that the defendant, however, has not provided a compelling link showing why, given even the best benefit of the doubt, the circumstances he cites account for his illegal behavior relevant to this case. Instead, he merely states that those circumstances "may have given rise to his criminal conduct more so than his intent or desire to commit crime." (Id. at 154.) The

government asks this Court to accept Probation's guideline range, and, given the aggravating circumstances of the defendant being on probation for a weapons offense at the time of his illegal gun possession, having outfitted that weapon so it would act as a machine gun, and having used that weapon in an attempt to kill another person, the Court sentence him to 71 months in prison.

### III. 3553(a) FACTORS

The Court is required, in crafting the defendant's sentence, to balance the factors listed in 18 USC 3553(a)(2) in order to "impose a sentence sufficient, but not greater than necessary." Such a sentence should (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The United States asks that the Court consider the following when coming to its determination of what is a just sentence for the defendant under those terms.

**a) Seriousness of the offense, promote respect for the law, and provide just punishment**

The defendant has pleaded guilty to illegal possession of a machine gun and stipulated under the terms of his plea agreement that this firearm was stolen. (Doc. 37, Page 93.) In addition, he committed this possession offense while on probation for another weapons offense. This is exactly the sort history of behavior that the Court should consider when determining the defendant's respect for the law, specifically gun related offenses. But more than this, the defendant is not simply possessing guns illegally. He is using them. And as relevant conduct to his current gun possession, he used the same weapon to fire multiple shots across the Madisonville Rec Center parking lot as he chased a man down in broad daylight. There is little else worse the defendant

could have done with this gun and little more he could have done to flout the law with it. This should not escape the Court's consideration and it should sentence the defendant accordingly.

**b) Deter criminal conduct adequately**

As outlined in the previous section, the defendant was given a chance on his 2018 gun case and responded by shooting at another person in July of 2019 and illegally possessing a machine gun in February of 2020. The defendant was not carrying this weapon for a friend. He did not need it for protection. He used a gun to try to kill someone and later made it even more dangerous by converting it into a fully automatic weapon. He has not been deterred in his criminal conduct, despite the opportunity. He has by large measure escalated that conduct, and the Court should sentence him appropriately to the high end of his guideline range.

**c) Protection of the public**

The public is served through a separation from the defendant for a significant period of time.



As outlined in the above security footage still, the defendant chased his victim across the parking lot of a crowded Rec Center in Cincinnati during daylight hours, firing from his handgun. The Court can expect to see this video at the defendant's sentencing hearing and hear additional details about the NIBN leads matching the shell casings found at this scene to the gun the defendant possessed in February of 2020, a few months after the above crime. As the Court will see in that video, the assailant has long dreadlocks, just like the defendant, and otherwise matches his description. Because of the defendant's violent behavior, the public will undoubtedly be served by his incarceration to the high end of his guideline range.

**V. Conclusion**

Though this is the defendant's first federal conviction, it is not his first time possessing guns illegally. He has shown himself to be a dangerous user of firearms and a danger to his community. The defendant has shown this Court already, too, what use he makes of opportunities

of leniency in response to his gun crimes. He shoots people. He turns his weapon into an even more dangerous ordnance. He is deserving of a harsh penalty for his crime and the government asks that this Court sentence him accordingly.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/John Zachary Kessler*
JOHN ZACHARY KESSLER (0090932)
Special Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: 513-639-2482
Fax: (513) 684-6385
E-mail: Zach.Kessler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's Sentencing Memorandum was filed with the Court's CM/ECF System this day, January 7, 2022, which provides electronic notice to all parties.

*s/John Zachary Kessler*
JOHN ZACHARY KESSLER (0090932)
Special Assistant United States Attorney